IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br> vs.<br>CONNOR P. KIMBRELL,<br>      Defendant. | Case No. 3:00-cr-00143-JKS<br><br>O R D E R |

  Connor Patrick Kimbrell was convicted of federal drug offenses and was sentenced to a term of imprisonment to be followed by supervised release. Kimbrell completed his prison sentence and began supervised release. The Probation Service petitioned to revoke Kimbrell's supervised release. The initial petition was amended to include an additional charge. Kimbrell responded to the petition as amended by admitting two allegations and denying one. Ultimately, the Government dismissed two allegations, and an evidentiary hearing was scheduled on the charge that Kimbrell had possessed cocaine with the intention to distribute it – in violation of his conditions of supervised release. Kimbrell unequivocally consented to United States Magistrate Judge John Roberts holding the adjudication hearing on the cocaine possession charge. Docket No. 47. *See United States v. Sanchez-Sanchez*, 333 F.3d 1065 (9th Cir. 2003) (Magistrate Judge may preside over supervised release revocation hearing with Defendant's consent).

  Judge Roberts held the evidentiary hearing, at which two probation officers who had searched Kimbrell's residence and found cocaine and cocaine distribution paraphernalia (a scale with cocaine residue and various cell phones) testified, and prepared a report and recommendation concluding that the Government proved by a preponderance of the evidence that Kimbrell

possessed cocaine in commercial quantities for distribution and not solely for personal use.  Docket No. 49 (Report and Recommendation).  Kimbrell filed objections.  Docket No. 50.

The Court has considered the objections and is satisfied that Judge Roberts correctly found the facts and applied the law, and that this would be true whether the Court reviews the record de novo giving due regard to Judge Roberts ability to judge the credibility of the testifying witnesses, or applies a more deferential standard of review.  The evidence presented to Judge Roberts permits but one inference:  Kimbrell was possessing cocaine in order to distribute it to others.  The Court therefore adopts Judge Roberts' report and recommendation as its own.

This Court's case management clerk shall contact the parties regarding scheduling of a disposition hearing at a time convenient to the Court and counsel.   In anticipation of the hearing, the Probation Service shall prepare, file, and serve a dispositional report addressing Kimbrell's conduct since being admitted to supervised release and the possible dispositions permitted by law.

**IT IS SO ORDERED**.

Dated at Anchorage, Alaska, this 10th day of March 2006.

/s/ James K. Singleton, Jr.

**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 2000\A00-0143-001.wpd